## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VICKY RODRÍGUEZ-TORRES**<br><br>Plaintiff-Appellant<br><br>v.<br><br>**GOVERNMENT DEVELOPMENT BANK OF PR, ET AL.**<br><br>Defendants-Appellees | **11-1301 (GAG)**<br><br>**Computer Fraud and Abuse**<br>**18 U.S.C. §1030**<br>**18 U.S.C. §2510**<br>**18 U.S.C. §2701**<br>**18 U.S.C. §1983**<br>**42 U.S.C. §1985**<br>**42 U.S.C. §1988**<br>**TORTS** |

### SECOND MOTION TO STRIKE APPELLANT'S BRIEF AND APPENDIX

COME NOW, the Government Development Bank ("GDB"), Guillermo Cambas-Casas ("Camba"), Enid López López ("López"), and Mariela Rexach-Rexach ("Rexach"), through their undersigned counsel, and respectfully state, allege and pray:

1.   On April 18, 2011, appellant filed a motion to supplement the record and issues on appeal. See Dkt. 4. In said motion, appellant sought to supplement the record on appeal with the docket entries of her underlying bankruptcy case, 09-bk-10864-BKT, and the docket entries of the District Court case no. 09-cv-01151-JP. See Dkt. 4, ¶ 2. In addition, the appellant argued that the issue of the sanctions imposed by the Bankruptcy Court under Fed.R.Bank.P. 9011 should also be discussed in her Brief "for the full and proper disposition of the current appeal." See Dkt. 4, ¶ 3.

2.   On April 21, 2011, the appellees filed an Opposition to appellant's motion to supplement the record and issues on appeal and requested the Court to strike the appellant's Brief and Appendix for having improperly expanded the record and issues on appeal. See Dkt. 8.

-2-

3.      On May 11, 2011, this Honorable Court issued an order denying appellant's motion to supplement the bankruptcy record and issues on appeal. The court specifically ordered the appellant to re-file her Brief limited to the record and issues on appeal. See Dkt. 16.

4.      Defendants respectfully contend that, after the order issued on May 11, 2011 (docket # 16), it should have been clear to the appellant that the record on appeal is limited to the documents listed in her Designation of Record and Issues on Appeal ("Rule 8006 Designation") filed on February 10, 2011 before the Bankruptcy Court. See Dkt. 74, Adv. Proc. 10-00137 (BKT). By the same token, it should have been clear to the appellant that the issues on appeal were also limited to those listed in her Rule 8006 Designation.

5.      On June 1, 2011, the appellant re-filed her Brief. See Dkt. 17. A cursory review of the "new" Brief and its "Appendix," reveals that the appellant blatantly ignored the order of the Court. The Brief is an almost literal copy of the previous Brief that was stricken by the Court. The appellant simply, in a disingenuous fashion, removed some documents (pertaining to the Case No. 09-1151 (JP) and to the Bankruptcy Case No. 09-10864 (BKT-7)) from the "Appendix," while leaving others notwithstanding the fact that they do not form part of the record on appeal either.[1] In other words, the appellant failed to comply with the order of the Court inasmuch as she, once again, included documents which do not form part of the record on appeal in an "Appendix"[2] and made reference to them in her Brief. See e.g., Appendix at 1-21, 228-236, 253-256, 358-364. Moreover, the appellant, once again included a discussion on the issue of the sanctions imposed by the

---

[1] Notably, while the appellant removed some of the documents from the appendix and inserted a page indicating that it had been intentionally left in blank, the appendix's table of contents remained the same as the one of the previous Brief that was stricken.

[2] As noted in appellee's opposition to the Motion to Supplement the Issues and the Record on Appeal, pursuant to Fed.R.Bank.P. 8009(b), an "Appendix" is only required for appeals to be heard before the BAP. See Dkt. 8.

-3-

Bankruptcy Court to the appellant and her attorneys under Fed.R.Bank.P. 9011.  See Appellant's Brief at 30-33. In so doing, the appellant also failed to comply with the order issued on May 11, 2011. See Dkt. 16.

6.    The appellees respectfully submit that, pursuant to the order of the Court issued on May 11, 2011 (docket #16), the record and issues on appeal are limited to the documents and issues listed by the appellant in her Rule 8006 Designation. That is, the record on appeal consists of the following documents from Adversary Proceeding No. 10-00137 (BKT): the Complaint, see docket # 1, the Motion to Dismiss (and its Exhibits), see docket # 11,  the Opposition to the Motion to Dismiss, see docket # 48, the Reply to the Opposition to the Motion to Dismiss, see docket # 56, and the Opinion and Order granting the Motion to Dismiss, see docket # 66.  On the other hand, as listed by the appellant in her Designation of Record and Issues on Appeal, see docket #74, the issues on appeal are limited to the Bankruptcy Court's analysis under Fed.R.Civ.P. 12(b)(6).

7.    In sum, appellant's attempts to appeal from issues that were not properly preserved and expand the record on appeal remained undeterred despite the order of the Court. Consequently, appellees respectfully submit that appellant's Brief and Appendix should be stricken for her failure to comply with the Court's order dated May 11, 2011 (docket #16).

8.    As this Honorable Court is aware, the contents of the appellee's Brief depend on the contents of the appellant's Brief. In that sense, should the appellant be allowed to include a discussion of issues and documents which do not form part of the issues and record on appeal in her Brief, the appellees will probably have to address those same issues and documents too. This not only would render Fed.R.Bank.P. 8006 and the Order of the Court meaningless, but will certainly impact the time, effort and resources incurred by the appellees' preparing their Brief. Consequently,

-4-

the appellees respectfully request that the deadline to file their Brief be set aside until this Honorable Court rules on the present motion.

WHEREFORE, Appellees respectfully request this Honorable Court to strike appellant's Brief and Appendix, set aside the deadline to file appellee's Brief until the present motion is adjudicated and issue any further relief as it deems proper and just.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 2nd day of June, 2011.

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing using the ECF system. Parties may access the filing through the Court's system.

          **SCHUSTER AGUILÓ LLP**
          Attorneys for Defendants
          PO Box 363128
          San Juan, Puerto Rico 00936-3128
          Telephone: (787) 765-4646
          Telefax: (787) 765-4611

          **s/Andrés C. Gorbea Del Valle**
          **Andrés C. Gorbea Del Valle**
          USDC PR Bar No. 226313
          agorbea@salawpr.com

H:\ATTY\ACG\GDB\Vicky Rodríguez QUIEBRAS\USDC - Appeal from Bkcy Ct. 11-1301(GAG)\motion to strike appellant's brief and appendix.wpd