IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Vicky Rodríguez-Torres<br>Plaintiff<br><br>v.<br><br>Enid López-López<br>Guillermo Camba-Casas<br>Mariela Rexach-Rexach<br>Government Development Bank PR, et al.<br>Defendants | **11-cv-01301-GAG**<br><br>**18 U.S.C. § 1030,**<br>**18 U.S.C. § 2510,**<br>**18 U.S.C. § 2701,**<br>**42 U.S.C. § 1983**,<br>**42 U.S.C. § 1985,**<br>**42 U.S.C. § 1988,**<br>**TORTS** |

**RESPONSE TO SECOND MOTION TO STRIKE, ECF NO. 19**

TO THE HONORABLE COURT:

Now comes Debtor, through the undersigned attorney, and respectfully alleges and prays as follows:

1. On June 3rd, 2011, the Court ordered Appellant (ECF No. 20) to respond by this date to Appellees' *Second Motion to Strike Appellant's Brief and Appendix* (ECF No. 19).

2. Appellees content that pursuant to Fed. R. Bank. P. 8006, inclusion of the documents in *Appellant's Appendix to the Brief*, at pp. 1-21, 228-236, 253-256, and 358-364 are extraneous and not part of the record on appeal, and that Appellant is limited to discussing only Bankruptcy Court's analysis under Fed.R.Civ.P. 12(b)(6).

3. Appellant contends that Appellees' contention is not based on a fair reading of Fed. R. Bank. P. 8006.

4. Fed. R. Bank. P. 8006 makes part of the record appeal: "... *the items so designated by the parties, the notice of appeal,*

*the judgment, order, or decree appealed from, and <u>any opinion, findings of fact, and conclusions of law of the court</u>.*" [emphasis added].

5. Appellees' admit that the following documents are part of the record on appeal: *Motion to Dismiss* (ECF No. 11), *Opposition to the Motion to Dismiss* (ECF No.48), *Reply to the Opposition to the Motion to Dismiss* (ECF No. 56), and the *Opinion and Order granting the Motion to Dismiss* (ECF No. 66). All of them, *including* the court's opinion here appealed from, discuss Fed. R. Civ. P. 12(b)(1) principles, of res judicata and collateral estoppel, issues of Jurisdiction and Standing, and Sanctions. Consequently, all of the aforementioned issues are within the record on appeal, and within the proper scope of *Appellant's Brief and Appendix*.

6. Appellees' also take exception to the following pages in *Appellant's Appendix to the Brief*: 1-21, 228-236, 253-256, 358-364.

7. This contention is also without merit.

8. The record on appeal from orders of bankruptcy court should contain all documents and evidence bearing on proceedings below <u>and considered by bankruptcy judge in reaching his decision</u>. [emphasis added] <u>In re W. T. Grant Co.</u>, 432 F.Supp. 105, 107 (1977). And should contain the documentation necessary to <u>afford reviewing court a complete understanding of the case</u>. <u>In re Candor Diamond Corp.</u>, 26 B.R. 844, 846

*(Bkrtcy.S.D.N.Y., 1983)*. Issues not listed in appellant's statement of issues on appeal may nevertheless be preserved if they can be reasonably inferred from issue that is listed. *In re American Cartage, Inc., 438 B.R. 1, 8 (D. Mass. 2010)*. It is well settled that the appellate court may take judicial notice of the underlying bankruptcy record. *Calderon v. CitiMortgage, Inc., 437 B.R. 25, 33 (D.P.R. 2010)*.

9. Having stated the above, Appellant submits to the court that: **Pages 1 – 21** of *Appellant's Appendix to the Brief* contain the *Complaint* in Case 3:09-cv-01151-JP, the case on which the Bankruptcy Court based its conclusions under Fed. R. Civ. P. 12(b)(1) principles, of res judicata and collateral estoppel; **Pages 228 - 236** contain the *Motion to Compel Trustee to Bring Suit as Real Party in Interest* and an *Addendum to Statement of Financial Affairs*, in Case:09-10864-BKT7, the underlying bankruptcy case to the instant adversary proceeding, and which are necessary in considering the Bankruptcy Court's conclusions regarding Jurisdiction; **Pages 253 - 256** contain Case:09-10864-BKT7 *Notice For Abandonment Of Property*, also necessary in considering the Bankruptcy Court's conclusions regarding Jurisdiction; **Pages 358 - 364** contain Case:09-10864-BKT7 *Trustees Answer to Order to Show Cause*, addressing the above motion to compel, and necessary as well in considering the Bankruptcy Court's conclusions regarding Jurisdiction.

10. Consequently, by virtue of Fed. R. Bank. P. 8006, all the references made and the documents contained in *Appellant's Brief and Appendix*, are properly within the record on appeal and the scope of present case under review by the District Court.

WHEREFORE, for all of the above, Appellant prays this Honorable Court:

**DENY** Appellees' *Second Motion to Strike Appellant's Brief and Appendix*, ECF No. 19.

**Submitted in New York City, this 6th day of June, 2011.**

**S/William E. Meléndez Menéndez**
**William E. Meléndez Menéndez**
USDC PR No. 226902

Attorney for Debtor
410 Park Avenue 15th Floor, Suite # 1223
New York, New York 10022
Tel. (718) 725-7387
We.Melendez@e-Lex.us


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties in interest.

**In New York City, this 6th day of June, 2011**.

**S/William E. Meléndez Menéndez**
**William E. Meléndez Menéndez**
USDC PR No. 226902