IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**VICKY RODRIGUEZ-TORRES**
**Appellant,**

v.                                                  CIVIL NO. 11-1301 (GAG)

**ENID LOPEZ-LOPEZ, et al.,**
**Appellees.**

**ORDER**

Presently before the court is the appeal by appellant Vicky Rodriguez-Torres ("Appellant") of an Decision and Order issued by the United States Bankruptcy Court for the District of Puerto Rico (Docket No. 1-19), dismissing the instant complaint. The court has conducted a *de novo* review of the Bankruptcy Court's decision. See In re Maxon Engineering Services, Inc., 2009 WL 1597635 at *1 (D.P.R. Jun. 5, 2009) ("When reviewing the decision of a bankruptcy court, a district court reviews the bankruptcy court's factual findings . . . under the clear error standard, and its conclusions of law *de novo*.").

The Decision and Order issued by the Bankruptcy Court dismissed the instant complaint on *res judicata* grounds. (See Docket No. 1-19 at 3-4.) The Bankruptcy Court further concluded that the complaint would have nevertheless been dismissed for lack of standing – Appellant was a Chapter 7 debtor and, as such, the Chapter 7 Trustee was the party with standing. (See Docket No. 1-19 at 4.)

The grounds on which the instant complaint was dismissed are not the subject of the present

appeal. The issue on appeal is whether, in dismissing the instant complaint under FED.R.CIV.P. 12(b)(6) –failure to state a claim for which relief can be granted– the Bankruptcy Court failed to establish that the complaint was legally insufficient. (See Docket Nos. 1-20 at 2; 24 at 7 ¶¶ 9-10.) Appellant's statement of issues on appeal does not list the issues of *res judicata* or lack of standing. (See Docket No. 1-20.) It limits the issues to the following:

> (1) FED.R.CIV.P. 12(b)(6) requires analysis of legal sufficiency of the complaint; (2) FED.R.CIV.P. 12(b)(6) requires court to assume that [a]pellant's factual allegations are true in determining sufficiency of the complaint; (3) FED.R.CIV.P. 12(b)(6) preculeds court from disregarding [a]ppellant's factual merits of the case; (4) FED.R.CIV.P. 12(b)(6) precludes court from determining that [a]ppellee's factual allegations are true.

(See Docket No. 1-20 at 2.)

The court notes that "[t]here is a circuit split about whether the failure to list an issue in the statement of issues on appeal pursuant to Bankruptcy Rule 8006 results in a waiver of that issue," and that the First Circuit has "not state[ed] a position on [it]." In re Yacovi, 411 Fed. Appx. 342, 5 (1st Cir. 2011) (citations omitted). The Fifth Circuit has held that "even if an issue is argued in the bankruptcy court and ruled on by that court, it is not preserved for appeal under Bankruptcy Rule 8006 unless the appellant includes the issue in its statement of issues on appeal." In re GGM, P.C., 165 F.3d 1026, 1032 (5th Cir. 1999). According to the Eleventh Circuit, "[a]n issue that is not listed pursuant to this rule and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal." In re Freeman, 956 F.2d 252, 255 (11th Cir. 1992) (citation omitted). Alternatively, the Ninth Circuit has held that "Bankruptcy Rule 8006 does not limit a party's ability to appeal from a bankruptcy court's judgment." In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc., 104 F.3d 1147 (9th Cir. 1997). It reasoned that "[the statement of issues on appeal], filed with the trial court clerk, does not impact upon issue statements required by the court of

appeals." Id.

The court agrees with the Fifth and Eleventh Circuit. "The purpose of Rule 8006 is to ensure an orderly procedure and to provide notice to the reviewing court and the other parties of the issues as to which appellate review is sought." In re American Cartage, Inc., 438 B.R. 1, 8 (D. Mass. 2010) (citations omitted). Thus, in the context of a bankruptcy appeal under Bankruptcy Rule 8006, where appellants are required to file a statement of the issues to be presented in the appeal separate from the notice of appeal, the court finds that an issue that is not listed in the statement of issues or that can be inferred from those listed constitutes a waiver on appeal.

Because *res judicata* and lack of standing are not listed as issues in or can be inferred from Appellant's statement of issues on appeal, the court understands these to have been waived in this court. Alternatively, the court agrees with the Bankruptcy Court that Appellant, not being the Bankruptcy Trustee, lacks standing. Accordingly, the appeal is **DISMISSED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 8th day of July, 2011.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge